UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL GRAHAM, JR.,

    Plaintiff,

v.   Case No. 8:24-cv-00278-NHA

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

The Defendant has moved without opposition to remand this case for further proceedings before the Social Security Administration. Doc. 21. The motion is granted.

Plaintiff seeks reversal of the Commissioner's decision that he is no longer disabled. Doc. 1. After a hearing, an Administrative Law Judge (ALJ) found that Plaintiff was no longer disabled as of December 1, 2021, because he had medically improved. R. 12-14. Plaintiff argues here that, in arriving at his conclusion, the ALJ failed to complete a side-by-side comparison of records from the prior ALJ decision, dated October 23, 2017 finding Plaintiff disabled (the comparison point decision). Doc. 18, p. 7-8; *see Freeman v. Heckler*, 739

F.2d 565, 566 (11th Cir. 1984) (finding a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement). Rather, the current ALJ simply found that the claimant had a greater residual functional capacity, and therefore, had experienced a medical improvement. Doc. 18, p. 7-8.

After consulting with Plaintiff, Defendant filed an unopposed motion to remand the case for further consideration and administrative action. Doc. 21. Plaintiff does not oppose the motion. *Id*.

Pursuant to 42 U.S.C. § 405(g), the "court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." In a remand pursuant to 42 U.S.C. § 405(g), the appropriate procedure is for a court to enter a final judgment in the claimant's favor. *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

Based on the record and the parties' agreement that Plaintiff is entitled to further consideration, it is ORDERED that:

1. The Commissioner's unopposed motion to remand (Doc. 21) is GRANTED.

2. The Plaintiff's request for relief (Doc. 18) is GRANTED.

3. The Clerk is directed to enter judgment for Plaintiff with instructions

that the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED for further administrative proceedings consistent with this order.

4. The Clerk is directed to close the case.

ORDERED, in Tampa, Florida on July 22, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge